# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NANOGRAFIX CORPORATION,

        *Plaintiff*,

v.

POLLARD BANKNOTE LIMITED

        *Defendant.*

Case No. 5:19-cv-10624-JEL-EAS

Honorable Judith E. Levy
Mag. Judge Elizabeth A. Stafford

Derek J. Meyer
LEONARDMEYER LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
(310) 220-0331
RMeyer@leonardmeyerllp.com

John G. Bisbikis
Madelaine M. Thomas
LEONARDMEYER LLP
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 380-6559
JBisbikis@leonardmeyerllp.com
MThomas@leonardmeyerllp.com
*Attorneys for Plaintiff, Nanografix Corp.*

Susan M. Kornfield (P41071)
Justin P. Bagdady (P79764)
Bodman PLC
201 South Division Street, Suite 400
Ann Arbor, Michigan 48104
Telephone: 734-930-2488
skornfield@bodmanlaw.com
jbagdady@bodmanlaw.com

Russell E. Levine, P.C.
Kourtney Baltzer
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
russell.levine@kirkland.com
kourtney.baltzer@kirkland.com
*Attorneys for Defendant Pollard Banknote Limited*

## REPLY BRIEF IN SUPPORT OF POLLARD BANKNOTE LIMITED'S MOTION TO BIFURCATE AND STAY DAMAGES

## **TABLE OF CONTENTS**

**Page**

I. BIFURCATION IN PATENT CASES IS COMMON ................................... 1

II. POLLARD PRESENTS MUCH MORE THAN A "MERE CONTENTION" THAT A SECOND TRIAL IS UNNECESSARY ............. 2

III. THE LIABILITY AND DAMAGES ISSUES ARE SEPARATE ................. 4

IV. NANOGRAFIX WILL NOT BE PREJUDICED ........................................... 6

V. NO DAMAGES DISCOVERY HAS BEEN TAKEN ..................................... 6

VI. CONCLUSION ................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Delphi Auto Sys., LLC v. Vehicle Occupant Sensing Sys.*,
  2011 WL 2192822 (E.D. Mich. 2011) ................................................................. 2

*In re Huang*,
  100 F.3d 135 (Fed. Cir. 1996) ............................................................................. 5

*In re Rembrandt Techs. LP Patent Litigation*,
  899 F.3d 1254 (Fed. Cir. 2018) ........................................................................... 3

*Industrias Metalicas Marva, Inc. v. Lausell*,
  172 F.R.D. 1 (D.P.R. 1997) ................................................................................. 5

*J.T. Eaton & Co., Inc. v. Atlantic Paste & Glue Co.*,
  106 F.3d 1563 (Fed. Cir. 1997) ........................................................................... 5

*K.W. Muth Co. v. Bing-Lear Mfg. Group*,
  2002 WL 1879943 (E.D. Mich. 2002) ................................................................. 2

*Marchese v. Milestone Sys., Inc.*,
  2013 WL 12183618 (E.D. Mich. 2013) ............................................................... 2

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
  742 F, Supp. 2d 492 (D. Del. 2010) ..................................................................... 5

*Mesh Comm, LLC v. E.ON US, LLC*,
  2011 WL 11563901 (W.D. Ky. 2011) ................................................................. 1

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  587 F. Supp. 1112 (D. Del. 1984) ........................................................................ 4

*Princeton Biochems. Inc. v. Beckman Instruments, Inc.*,
  180 F.R.D. 254 (D.N.J. 1997) ............................................................................. 5

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
  2009 WL 2742750 (D. Del. 2009) ....................................................................... 5

*Robert Bosch, LLC v. Corea Autoparts Producing Corp.*,
  2012 WL 13012348 (E.D. Mich. 2012) ............................................................... 1

**TABLE OF AUTHORITIES (CONT'D)**

Page(s)

*SenoRx v. Hologic, Inc.*,
   920 F. Supp. 2d 565 (D. Del. 2013).............................................................. 1, 5, 6

*Tec Air, Inc. v. Denso Mfg. Michigan Inc.*,
   192 F.3d 1353 (Fed. Cir. 1999) ........................................................................5

*Unwired Planet, LLC v. Google Inc.*,
   2014 WL 7012499 (D. Nev. 2014) ...................................................................5

*Zen Design Group, Ltd. v. Scholastic, Inc.*,
   2017 WL 5957199 (E.D. Mich. 2017)..............................................................6

## I. BIFURCATION IN PATENT CASES IS COMMON

While bifurcation does not automatically apply in every case, bifurcation is indeed common and appropriate in patent cases. Dkt. 11 at 1-4. Nanografix cites to *SenoRx v. Hologic, Inc.*, 920 F. Supp. 2d 565 (D. Del. 2013) for the proposition that "it is fair to characterize bifurcation as 'the exception, not the rule' in civil cases, including patent cases." Dkt. 17 at 9.  As that case explains, however, unless a party moves for bifurcation or a court takes some other step to bifurcate, the default presumption is that all claims will be heard in one trial. *SenoRx*, 920 F. Supp. 2d at 568.  This simply means that patent cases, like all cases, are not automatically bifurcated.  Contrary to Nanografix's suggestion, Pollard never argued that automatic bifurcation applies.  Indeed, that is why Pollard is ***moving*** to bifurcate.

Nanografix suggests that this Court "routinely denies" motions to bifurcate in patent cases. Dkt. 17 at 7-12.  This is untrue.[1]  Nanografix points to *Robert Bosch, LLC v. Corea Autoparts Producing Corp.*, as an example where this Court denied a stay of discovery on damages. Dkt. 17 at 1 n. 1; 2012 WL 13012348 (E.D. Mich. 2012).  But the Court in *Corea*, after bifurcating trial into liability and damages phases, did not deny the defendant's request to stay discovery on damages issues

---

[1] Nanografix also suggests that the court in *Mesh Comm, LLC v. E.ON US, LLC*, 2011 WL 11563901 (W.D. Ky. 2011), a case within the 6th Circuit, did not stay damages discovery when it bifurcated damages and liability for trial. Dkt. 17 at 12. This is false.  The *Mesh Comm* court indeed stayed damages discovery pending the liability phase of the case. Ex. 1.

1

and instead withheld a decision until the entering of a scheduling order. Where the facts and circumstances specific to a particular case weigh against bifurcation, this Court—as well as others—have certainly denied motions to bifurcate. But those cases, including the ones Nanografix cites, are inapposite to the situation at hand.[2]

## II. POLLARD PRESENTS MUCH MORE THAN A "MERE CONTENTION" THAT A SECOND TRIAL IS UNNECESSARY

Nanografix argues that the mere possibility that a second trial on damages may be unnecessary is "insufficient for Pollard to carry its burden." Dkt. 17 at 13. But Pollard has presented ***much more*** than just a mere possibility that a second trial on damages may be unnecessary. Pollard has presented substantial reasons as to why Nanografix is unlikely to prevail on liability. Indeed, one would be hard-pressed to find another patent case in which the asserted patent previously expired—not just once, but ***twice***—due to failures to pay maintenance fees after the patent owner ceased business operations following a Chapter 7 (liquidation) bankruptcy proceeding.[3]

---

[2] *See, e.g.*, *Marchese v. Milestone Sys., Inc.*, 2013 WL 12183618, at *2-3 (E.D. Mich. 2013) (denying motion where a scheduling order was entered more than a year earlier and where the alleged infringer already produced most (if not all) of requested financial information); *Delphi Auto Sys., LLC v. Vehicle Occupant Sensing Sys.*, 2011 WL 2192822, at *2 (E.D. Mich. 2011) (denying motion to bifurcate where alleged infringer did not raise arguments particular to the circumstances of that case); *K.W. Muth Co. v. Bing-Lear Mfg. Group*, 2002 WL 1879943, at *3 (E.D. Mich. 2002) (denying motion to bifurcate where motion was filed over seven months after a scheduling order had been entered and just shortly before discovery was to close).

[3] Nanografix contends that the Bankruptcy Court was "made aware of U.S. Patent Application No. 09/589,950…which is the application number of the application that issued as the '494 Patent." Dkt. 17 at 15 n. 8. This is an intentionally misleading

2

Nanografix attempts to push back on Pollard's inequitable conduct allegations by arguing that "the petitions to accept the 2nd and 3rd maintenance fees were filed in accordance with USPTO procedures and accepted by the USPTO." Dkt. 17 at 15. But the USPTO requires nothing more than a general statement that the delay was unintentional. *See In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1261, 1272-73 (Fed. Cir. 2018). If the delay was, in fact, not unintentional, then the patent is unenforceable due to inequitable conduct. *Id.* at 1272-75. With respect to Pollard's claim of inequitable conduct resulting from the applicant's failure to disclose the Clark reference to the USPTO during prosecution, there is no dispute that the International Search Report found the Clark reference to be "relevant" to patentability. There also is no dispute that the applicant was aware of the Clark reference and failed to disclose that reference to the USPTO before the '494 patent issued, suggesting that inequitable conduct indeed occurred. Dkt. 3-13.

Nanografix contends that Pollard's non-infringement argument is

---

statement by Nanografix. The '494 patent, which already issued as a patent in 2002 (Dkt. 1-1), was not included in the schedule of assets HoloWebs submitted to the Bankruptcy Court. Dkt. 11-2. The Notice of Proposed Abandonment that Nanografix cites refers to a ***different*** patent application, with a ***different*** title that was still pending before the USPTO at the time of the bankruptcy proceeding. *Compare* Dkt. 17-7 *with* Dkt. 1-1 (showing different title on asserted patent); *compare* Dkt. 17-7 *with* Ex. 2 (showing same title on patent application). Although this different application claimed priority to the application that led to the '494 patent, the reality is that HoloWebs, in reality, never disclosed the existence of the issued '494 patent to the Bankruptcy Court.

3

"unsupported" and "should be given little weight." Dkt. 17 at 16. But there is evidence in the record showing that Nanografix cannot prevail on infringement. Nanografix itself has cited to the patent that Pollard received for its Scratch FX tickets, which does not make a single mention of the word "engraved" let alone "engraved" optical elements. C.D. Cal. Dkt. 35-4. "Engraved" optical elements are a requirement of the '494 patent and, consequently, Nanografix will be unable to show that the Scratch FX tickets meet this limitation.

### III. THE LIABILITY AND DAMAGES ISSUES ARE SEPARATE

Nanografix contends that there would be overlap in the presentation of evidence in liability and damages phases of the case, pointing to evidence of commercial success being necessary in the liability phase. Dkt. 17 at 19. Not so. As Nanografix admittedly recognizes, the evidence introduced to show commercial success is "***of a different character from that to prove damages***. The question of commercial success is not ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather by whether the claimed invention is, broadly speaking, an accepted product and big seller." *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1116 (D. Del. 1984) (emphasis added). In order to demonstrate commercial success, either sales volume alone or in combination with

4

market share data, which is publicly available information, are considered. [4] *See, e.g., Tec Air, Inc. v. Denso Mfg. Mich. Inc.*, 192 F.3d 1353, 1360-61 (Fed. Cir. 1999); *J.T. Eaton & Co., Inc. v. Atl. Paste & Glue Co.*, 106 F.3d 1563, 1566 (Fed. Cir. 1997); *In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996). Indeed, courts have granted motions where this argument has been raised and have rejected that there would be an overlap in the evidence warranting denial. *See*, Unwired Planet, LLC v. Google Inc., 2014 WL 7012499, at *2 (D. Nev. 2014); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 2009 WL 2742750, at *1 (D. Del. 2009); *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 8 (D.P.R. 1997); *Princeton Biochems. Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 259 (D.N.J. 1997).

Nanografix cites to *SenoRx* to argue that "some real overlap is [still] inevitable," which weighs against bifurcation. 920 F. Supp. 2d at 571, n.1. In *SenoRx*, the patent owner was alleging damages under a lost profits theory, which involves an assessment of whether the patent owner has a product that meets the claims of the asserted patent. *SenoRx*, 920 F. Supp. 2d at 570-71; *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F, Supp. 2d 492, 497 (D. Del. 2010). Here, Nanografix admits that it is only seeking reasonable royalty damages and will not be pursuing a lost profits theory because it does not make, and has never made, any

---

[4] In connection with its motion to transfer, Pollard **already** produced data on the number of Scratch FX tickets it has sold and thus further discovery on this issue is unnecessary for showing commercial success. *See* C.D. Cal. Dkt. 58 at 1.

products under the asserted patent. Dkt. 17 at 3. Further, the court in *SenoRx* found that there would be a more significant evidentiary overlap between liability and willfulness issues as opposed to liability and damages issues. *SenoRx,* 920 F. Supp. 2d at 569-70. Here, Nanografix is not asserting willfulness. Dkt. 17 at 4-5.

### IV.   NANOGRAFIX WILL NOT BE PREJUDICED

Where a patent owner does not practice an asserted patent and does not compete with the accused infringer, the patent owner is not prejudiced by any alleged delay resulting from bifurcation as only money damages are at issue. Dkt. 11 at 17. Besides any alleged delay resulting from bifurcation, Nanografix also attempts to allege that it is further prejudiced because it is "a small company," citing to *Zen Design Group, Ltd. v. Scholastic, Inc.*, 2017 WL 5957199, at *3 (E.D. Mich. 2017). Contrary to Nanografix's assertion, this Court in *Zen Design* did **not** consider the size of the parties in reaching its decision on a bifurcation motion. *Id.*[5]

### V.    NO DAMAGES DISCOVERY HAS BEEN TAKEN

Nanografix contends that both parties have served and responded to damages discovery. Dkt. 17 at 6. While Nanografix responded to Pollard's interrogatories on the scope of its damages theory, neither Nanografix nor Pollard have produced damages-related documents. Although Nanografix "responded" to Pollard's

---

[5] Nanografix also cites to *Zen* for the proposition that statistics weigh against bifurcation. Dkt. 17 at 11. *Zen*, however, considered statistics regarding bifurcation of liability and willfulness—not liability and damages. 2017 5957199, at *3. The *Zen* Court, in fact, bifurcated the liability and damages phases of trial. *Id.* at *1.

6

requests for production, Nanografix has not produced a single document relating to "gross and net revenue, and gross and net profits" or "patent license agreements" as it implies in its opposition. Dkt. 17 at 6; *see* Declaration of Kourtney Baltzer attached as Exhibit 3 (describing documents Nanografix has produced to Pollard).

Pollard raised bifurcating the case into liability and damages phases in the parties' Joint Rule 26(f) report filed in the Central District of California on December 3, 2018. Since that time, Nanografix admitted in its interrogatory responses served in February 2019, that it does not make or sell products covered by the asserted patent and is only seeking reasonable royalty damages. Dkt. 11-4 at 5, 7; Dkt. 11-7. Since that time, Nanografix also withdrew its request for an injunction. Dkt. 17 at 3 n.3. And, since that time, Nanografix made it crystal clear that damages discovery, and related discovery disputes, would be a burden to Pollard and this Court.[6] For these reasons, Pollard proceeded to file this formal motion to bifurcate.

## VI. CONCLUSION

This Court should bifurcate this case and stay damages discovery.

Dated: April 4, 2019  Respectfully submitted,

 */s/* Susan M. Kornfield
 Susan M. Kornfield

---

[6] Pollard was also unaware of the scope and burden of Nanografix's requests for damages documentation until Nanografix served those requests on January 18, 2019. Further, Pollard was unaware of the extent of depositions that will likely occur on damages-related topics until Nanografix served its Initial Disclosures (after the parties filed their Joint Rule 26(f) Report), which lists 12 Pollard witnesses for damages-related issues. Ex. 4.

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019, a copy of the foregoing, together with exhibits and the index of exhibits, was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing. I also certify that I have mailed by United States Postal Service, and sent via email, a copy of the foregoing to the following non-ECF participants:

Derek J. Meyer
LeonardMeyer LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
rmeyer@leonardmeyerllp.com

John G. Bisbikis
Madelaine M. Thomas
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
jbisbikis@leonardmeyerllp.com
mthomas@leonardmeyerllp.com

/s/ Susan M. Kornfield
Susan M. Kornfield
Bodman PLC
Suite 400
201 South Division Street
Ann Arbor, Michigan 48104
Telephone: 734-930-2488
Facsimile: 734-930-2494
skornfield@bodmanlaw.com